FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 03, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DREW RICHARD GOUGH, | 2:19-cv-00309-SAB |
| Plaintiff, | |
| v. | **ORDER DISMISSING FIRST** |
| | **AMENDED COMPLAINT** |
| CAL BLACKHAM, LANCE ECK, | **1915(g)** |
| COUNSELOR MENDIOLA, JOHN | |
| DOES 1, 2, and 3, and JANE DOES 1 and | |
| 2, | |
| Defendants. | |

Before the Court is Plaintiff's First Amended Complaint. ECF No. 4. Plaintiff, a prisoner at the Airway Heights Corrections Center, is proceeding *pro se.* The filing fee has been paid. Defendants have not been served.

Generally, an amended complaint supersedes the original complaint and renders it without legal effect. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). As such, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 1

(9th Cir. 1981)), *overruled in part by Lacey,* 693 F.3d at 928 (holding any claims voluntarily dismissed are considered to be waived if not repleaded). Furthermore, defendants not named in an amended complaint are no longer defendants in the action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, Defendants Jon Coers, Heidi Griffith, Steven Sundberg, Christopher C. Bowman, and Christine Brule have been terminated from this action.

In his First Amended Complaint, Plaintiff seeks only declaratory and injunctive relief. It is well established that the transfer of an inmate to another prison while his claims are pending generally will moot any claims for injunctive relief. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995). The same is true for claims seeking declaratory relief. *See Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012). Consequently, Plaintiff's transfers away from the Washington Corrections Center and the Washington State Penitentiary ("WSP"), render his claims for injunctive and declaratory relief regarding events that occurred there moot. Plaintiff has failed to state a claim upon which relief may be granted.

In addition, Plaintiff's claims are time-barred. Contrary to Plaintiff's assertion, the statute of limitations for § 1983 claims is governed, not by the relief that is sought, but by the laws of the state in which the alleged violation occurred. The United States Supreme Court has established that claims arising under 42 U.S.C. § 1983 are to be governed by statutes of limitations under state law. *See Wilson v. Garcia*, 471 U.S. 261 (1985), partially superseded by statute as stated in *Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 377–80 (2004). In Washington, the statute of limitations is three years as mandated by RCW 4.16.080(2); *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir.1991).

The three-year period of limitations begins to run when the cause of action "accrues." *Malner v. Carlson*, 128 Wn.2d 521, 529 (1996). A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). The statute of

limitations runs separately from each overt act alleged to have caused injury under 42 U.S.C. § 1983. *Gibson v. United States,* 781 F.2d 1334, 1340 (9th Cir. 1986).

Plaintiff has presented no grounds to equitably toll the running of the statute of limitations. *See Millay v. Cam*, 135 Wash.2d 193, 955 P.2d 791, 797 (Wash. 1998) (en banc) (requiring "bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff," for equitable tolling to apply). Therefore, all claims arising more than three years before Plaintiff filed his initial complaint on September 11, 2019, are **DISMISSED with prejudice** as time barred.

Plaintiff asserts that on September 19, 2016, while housed at the WSP and on a walkway outside the E-Unit on his way to a Chapel appointment, an inmate assaulted him and knocked him unconscious. ECF No. 4 at 9. Plaintiff presents no facts linking this assault to any of his previously expressed concerns that he would be sexually assaulted in prison because of his convictions, or that he was being "pressured" to provide store items to "white boys." *Id.* at 8, 9.

Plaintiff specifies that he received medical treatment, including transportation to a hospital for stiches and a CAT scan,[1] before he was returned to the WSP and placed in the Intensive Management Unit. *Id.* at 10. Plaintiff states that he asked for protective custody on October 13, 2016 but was denied. *Id.* On November 1, 2016, he was transferred to the Airway Heights Corrections Center, with minimum custody status. He asserts that his Mental Health Counselor documented that Plaintiff was suffering from PTSD[2] on February 10, 2017, resulting from the assault at the WSP and an earlier sexual assault at the Washington Corrections Center. *Id.*

Liberally construing these allegations in the light most favorable to Plaintiff the Court can infer no constitutional violations against the identified Defendants

---

[1] computed tomography (CT or CAT) scan
[2] Post-Traumatic Stress Disorder

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 3

from the facts presented. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has failed to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff was given the opportunity to amend his claims and was unable to do so, making clear that further leave to amend is futile. Therefore, the First Amended Complaint is **DISMISSED** with prejudice as time-barred and for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). <u>Plaintiff is advised to read the statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.</u>

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff at this last known address, and close the file. The Clerk of Court is directed to forward a copy of this Order to the Office of the Attorney General of Washington, Corrections Division. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 3rd day of April 2020.



Stanley A. Bastian
United States District Judge